The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Good morning, counsel. Our first case up this morning is 418-0599, People's State of Illinois v. Lee Val Allen. Would counsel for the appellant please state your name for the record? Sharifa Rahmani. Would you speak up just a bit? Yeah. I turned off my air conditioner. Okay. Oh, sorry. Okay, my name is Sharifa Rahmani. Okay, thank you. And do we have counsel for the appellee present? Yes, Luke McNeil. Okay, thank you, Mr. McNeil. Then, Ms. Rahmani, is that pronounced correctly? Yes, it is. Okay, Ms. Rahmani, you may proceed. Good morning, Your Honor's counsel. My name is Sharifa Rahmani from the Office of the State Appellate Defender and I represent the defendant, Appellant McGill Allen. I would like to reserve five minutes for rebuttal. You will get five minutes. Okay. After a jury trial, Mr. Allen was found guilty of possession of a controlled substance with intent to deliver, armed violence, and armed habitual criminal. He was then sentenced to the maximum of 30 years imprisonment, which he must serve at 85%. Allen, however, proceeded to trial based on misinformation provided by counsel that he would have to serve only 50% of any sentence imposed. The question before this court is whether Allen's pro se petition and supporting documentation allege enough facts to meet the low pleading standard of stating the gist of a claim that he was denied his right to the effective assistance of counsel during plea negotiations. The state does not dispute that Allen's ineffective assistance of counsel claim is arguably meritorious. That by providing Allen with misinformation regarding the percentage of his sentence that must be served, counsel's performance was arguably deficient. And that Allen was arguably prejudiced by counsel's performance where he might have accepted the state's pre-offer had counsel properly advised him. By failing to respond to these points, the state has effectively conceded them and forfeited any argument to the contrary. Instead of addressing the merits of Allen's claim, the state argues that it's barred by res judicata or alternatively forfeited. Res judicata bars... Excuse me, counsel. Let me ask you a question. Do you agree that this issue regarding the 50% versus the 85% was raised in the petition for rehearing with the initial appeal? In the crankle motion, Allen stated that counsel had told him that he would serve 50%. But as the majority noted on direct appeal that the prejudice alleged was that he would have been acquitted. And direct appeal counsel tried to argue that the practical harm would have been that Allen was denied the effective assistance of counsel during clean negotiations. But what the majority said was that the trouble with this claim is that that's not the claim that was raised. And he never mentioned clean negotiations. But here, he does mention clean negotiations in his affidavit. And his affidavit was not part of the direct appeal record. So the issue right here is... I'm sorry. Your position then is that in the petition for rehearing, he was talking about a claim related to possible acquittal versus a plea situation where he may not have taken the plea. Well, in the... Or he may have taken the plea. I'm sorry. Yeah. And direct appeal counsel tried to argue that. But the court said that that's not what he said in the petition that clean negotiations are never even mentioned. I'm sorry, in the crankle motion. The plea negotiations were never mentioned in the crankle motion. But here, in Allen's affidavit, he states that had counsel properly advised him that he might have taken the state's claim is that he received ineffective assistance during clean negotiations. Your argument, if I understand it correctly, is, as you just stated, if he had known that he'd have to serve 85% of his sentence, he might have taken the plea bargain. So in effect, what you're asking is that we should reverse and ultimately, if that's what the evidence would show, he'd be entitled to have this case set aside, his conviction set aside. And then what? He might take the plea bargain? Well, in his affidavit, he says that he might take the plea bargain. But the thing is, he's a pro se defendant. And it's clear that what counsel's erroneous advice affected his decision whether or not to plead guilty or to proceed to trial. And so, as Brown is stated in Brown, a defendant doesn't have to allege all facts supporting every element of the claim. And here, it's clear that this affected his decision whether or not he would have pled guilty. Well, let me be more clear. My question is this. The defendant filed a pro se petition in which he could state what his claims are and what his interest is. And is it adequate to state a claim of ineffective assistance of counsel during the plea bargaining process for him to state, as he petitioned, I might have taken the plea bargain? Isn't he required to say, I would have? Well, it would have been better had he said specifically that I would have taken it. Isn't it a threshold requirement by the US Supreme Court, the Illinois Supreme Court, for a defendant who seeks to raise ineffective assistance of counsel in a plea bargaining context, to assert that, but for the claim of ineffective assistance, in this case, the misstatement as to how much time would have to serve, he would have taken the plea offer? Yes, you would also ultimately have to prove that, but we're at the first stage. It's not a question of whether you're ultimately, doesn't he have to claim, doesn't he have to he would have considered it, I might have taken the plea bargain. How is that adequate? Well, because we know here, Alan was sentenced to 30 years to the maximum at 85%. He thought that based on counsel's erroneous advice that he would have received 50%. Any offer that the state would have made to Alan would have been better than the 30% or the 30 years at 85%. I mean, no defendant's or on a very rare occasion, would a defendant accept the maximum sentence in a plea bargain? Well, doesn't this claim that I might have accepted the plea bargain necessarily mean that he also might not have? And doesn't it mean that if we were to reverse all of this, and send it back for a new trial, he still might not have? Well, the thing is, we have a pro se defendant. And if he goes, all we're asking is that this go back to second stage. So he has an attorney to help him to assist him in presenting his claim. And so That doesn't answer my question. I'm sorry. My question is, when he says I might have taken the plea bargain, doesn't that also mean he might not And if we were to grant them the relief requests, and go back to trial and say, you know, I don't want it, I still want to try. Isn't that what his petition on what he wants to do says? Well, he never says his petition says yes, that he might have accepted the plea offer. So I mean, that perhaps he would not have accepted the plea offer. But nowhere in his petition does he say that he wants to go back for a new trial. Well, this court two years ago, three years ago, in a case of very much unemployed people versus Thomas wrote this. The second reason the defendant can not show prejudice is the defendant claims he might have taken the deal, not that he would have taken the deal. To succeed on a claim of ineffective assistance of counsel, the defendant has to show probability sufficient to undermine confidence in the outcome. And his wavering statement in his letter to trial court fails to show a reasonable probability existing. Why? So here, it's clear that from the prank promotion until now that there has been an issue that there was that there's an issue with counsel's providing him misadvice. And he's never had his claim heard. And so in this did affect his decision, whether to plead or to go to trial. So he's trying to work with, isn't it an absolute requirement of law from the US Supreme Court, for the Illinois Supreme Court for decisions of this court, the defendant who is claiming ineffective assistance of counsel during the plea bargaining process, must say, but for the misinformation I received, I would have taken the plea bargain. But I might have, I would have. Isn't that a threshold requirement? That would be to ultimately prove the claim. But at the first stage, you're not, you don't have to ultimately prove the claim, you have to state the gist of the claim. I understand at the first stage, you don't have to prove it. Don't you have to at the first stage plead it? I mean, it boils down to, are you stating the gist of a claim, when you simply say, I might have taken the plea bargain? Yes, I think here under the facts of this case that it does state the gist of a claim. Why do the facts of the case matter if he hasn't said I would take it? Because he, he recognized that counsel's performance was deficient. And he put that in the crankle motion. But he alleged that he would have been acquitted. So he's a pro se defendant, he didn't have an attorney at that time. He didn't, there was no inquiry with the court, like no discussion or communication between the court and Allen to be able to understand what exactly his on what was written. And so here we are, now on in post conviction, you know, with him filing his post conviction petition, and he is seeking resolution of his claim that counsel provided him erroneous advice and that this affected his decision to whether or not to plead guilty. And the problem is this, I'm very sympathetic to the notion that pro se defendants in post conviction have to come up with rational theories. But they can be required to come up in the courts when the US Supreme Court down do require them to come up with a statement of their position, a statement of their interests, a statement of what they wanted to do. And the question is, you're claiming ineffective assistance. Does that mean you would have rejected or you would have taken this plea bargain and reject the trial? And it's we've held consistently that I might have is inadequate. And further, I don't see why a defendant pro se or not can't be required to state directly what he wishes to do. This isn't a tricky legal question. Well, the exact to be able to state all the exact elements of the claim that is that does boil down to whether or not there is legal sufficiency. We're not addressing the elements of the claim. All he has to do is say, I would have taken the plea bargain. Well, here, he said that he might have taken the plea bargain. That means he might not have taken the plea bargain, we could give him the relief requests, go back and do his trial, and he still might not have taken the plea bargain, according to his own request. How can that be right? Well, he never said that he would have gone to trial, or he might have gone to trial. And what he's saying is that he might have accepted the plea bargain. So where he could not have made a decision, the defendant has a right to make a decision, whether to plead guilty or not plead guilty. He could not have made that decision, knowingly. And if he was provided this, this erroneous advice. And so Yeah. First, I can't hear you. Justice Harris, you can't really be heard that well. Can you I wonder if your volume. Are you able to hear me at all? I'm able to hear you now. Yes. Okay. If you can hear me all right. So we're it's dependent on the phrasing of the pro se litigant in that first, at that first stage, how he has raised the pro se pleading. Here he said he might have taken it. But Justice Steigman has indicated there's case law that says that would be insufficient. But there's a whole range of possibilities in terms of how a pro se litigant might phrase that concept, you could say, I probably have taken the offer, or I'd have been a fool not to take the offer. And so what do we do in those cases, if I might have taken an offer is insufficient, I would have taken an offer 100% that is sufficient. Aren't there any number of other possible ways of having phrased it that leads us into this quagmire trying to determine is it sufficient or not? Well, yeah, I think there are different ways that it could have been phrased that you know, like you mentioned that, you know, somebody could say that I would have been a fool not to take it. And that simply because he's included the word might that that that that completely undermines his position. And that statement was in his affidavit, not actually in the petition. It was in his affidavit. Is that correct? Correct. And it was in his affidavit because in the petition, he said that counsel was ineffective for misadvising him about the percentage of the sentence that he would serve. And then his affidavit, he explained that, you know, he never knew that he had to serve 85%. And that had he known that he may have accepted the plea offer. And so this claim is not barred by res judicata. It was res judicata bars claims that were raised and decided on direct appeal. As I said, that's what I was asking you about earlier. It seems to me that it was raised on direct appeal via the petition for rehearing when counsel tried to argue that trial counsel didn't effectively advise your client, and that because of that he didn't take agreement. Well, the issue was never actually decided by this court. Okay, but I'm not talking about decided. I'm asking about was the issue raised, not decided. I agree with you that it was not decided. Because the majority said, hey, that's not what you even said. That's not the angle from which you came. But my point is, it appears that it was raised. Yeah, counsel attempted to raise it, but it wasn't based on it wasn't apparent from the record. It wasn't in the record. So it she shouldn't have tried to raise that when it wasn't apparent from the record. Because if you're referring to what would be private conversations between your client and his trial counsel? Yes, there's no way of knowing. And, you know, like I said earlier, the crank hearing or the painful, the denial of the crank motion was based solely on what was written. There was no discussion. There was no conversation. We don't know what transpired between what exactly was said, except for the fact that he was misadvised. We don't know if this is based on matters that are outside of the record, like you indicated and they are and put at first state at the first stage is not intended to resolve issues raised in a post conviction petition that are that depend on matters outside of the record. And give me one second. It's clear that based on Alan's petition that he's seeking resolution of this claim and effective assistance to counsel claim related to his plea negotiations. His claim was never heard by the trial court and it was not decided by this court. So it is not Judith. Turning to forfeiture forfeiture bars claims, which could have been raised on direct appeal, but we're not, this claim could not have been raised on direct appeal. The state argued in its brief that the facts were known, but it was, it was raised on direct appeal and the petition for rehearing, right? It was, but it doesn't, I mean, it was, but there were no facts supporting it. So there was nothing, there was no base, the basis for it on the direct appeal record. So, and here the effects in the affidavit are not part of, we're not part of the direct appeal record. They are before this court and attached to his petition. And the state argues that because Alan knew the facts at the time of proceedings in the direct appeal, his claims forfeited. And that's irrelevant. The state cites no authority for their position. And if the state's position were effective or correct, it would effectively mean that a defendant would be precluded from ever raising an ineffective assistance to counsel claim, not included in a crank promotion, even on direct appeal. And that's certainly not the law. It would not only be an equitable because defendants found crank promotions are pro se and untrained in the law, but it would deter defendants from seeking earlier resolution of their ineffective assistance to counsel claims in the trial court. And as the Illinois Supreme Court has noted, a crank promotion is not a substitute for a post conviction petition. Alan has never had his claim heard that counsel was ineffective. It would be fundamentally unfair to preclude Alan from having the opportunity to have his claim heard, particularly where the state does not dispute that Alan's ineffective assistance claim is arguably meritorious. It was not decided on direct appeal and it could not have um, really my position is that it couldn't have been raised adequately raised on direct appeal because the facts were not contained or the facts in the post conviction petition were not part of the direct appeal record. So Alan is simply asking for an opportunity to have his claims heard. If your honors do not have any further questions, we respectfully request that this court reverse and remand for second stage proceedings so that counsel can be appointed to assist Alan in presenting his claim. Great. Thank you, counsel. Mr. McNeil, are you ready to proceed? Yes. May it please the court. Council. Um, first the council that I didn't cite any issue, cite any authority that issues could have been raised on direct appeal, but we're not are forfeited. That's a pretty well settled rule, but I did cite it on page four of my brief at people versus Petrenko, the Illinois Supreme Court case. Um, also the council is incorrect that the state would forfeit the merits of the claim. The point is that the merits of this claim were not an ineffective assistance of council. It was inadequate inquiry of ineffective assistance by the trial court. That's exactly how it was framed in direct appeal. I did this direct appeal and they're just like here. Um, the appellate offender is attempting to reframe it into an ineffective assistance argument instead of whether the trial court conducted an adequate inquiry into defendants allegations of ineffective assistance. Um, again, defendants argument in his post conviction petition in this post conviction petition was quote, the trial court abuses discretion when it failed to adequately investigate petitioners claim of ineffective assistance of council regarding his attorneys providing misinformation regarding the percentage of any sentence he would serve. This was precisely the issue on direct appeal. We have to take into account, we have to step into the trial court shoes when reading this pro se petition. Um, they see the exact same argument. Of course, they're going to dismiss it for race judicata. It's not the trial court must liberally construe the pros pro se petition as to the arguments that defendant raises. However, the trial Mr. Neal, it appears that the majority in the direct appeal would disagree with you because the majority specifically said that he was trying to assert in the petition for rehearing an ineffective assistance of counsel as the plea negotiations claim. And that was not previously raised that was not in his initial petition. Well, the majority of states that the trouble is that in his pro se motion, defendants said nothing about plea negotiations. He did not even mention plea negotiations. And then the undercrankle in his progeny, the trial court must examine the factual basis of the defendants claim. Implying that that was not defendants claim. So we would be looking to the trial court forfeiture versus race judicata. Is that right? I don't think so. Because defendants raising the same claim here. Okay. The way he phrases it again, the trial court is not obligated to take defendants words, especially when in his affidavit, he says, quote, this issue was brought up on direct appeal and your honor, dissented. The trial court is not especially when defendants says in his own words that this issue was brought up in direct appeal. I think the trial court got it exactly right here when it dismissed it for race judicata, and it had no obligation to construct an argument for defendant. Again, they must liberally construe defendants arguments that he does make. They do not have to create an entirely new argument based on defendants allegations in his petition. If we're talking about the fact that the trial court does not have an obligation to create an entirely new argument, how can that be race judicata if that's required? No, it's race judicata because defendant in his own words, raised the exact issue he raised in his pro se crinkle motion and on direct appeal. In the direct appeal, this is what the court discussed was whether the trial court adequately inquired and it did because, of course, defendants argument in his original allegation of ineffective assistance for crinkle was that trial counsel stated it would be 50% instead of 85% and quote, that would make a big difference in the time I served. In other words, defendant doesn't even mention a plea agreement or any kind of negotiations nor does the record suggest any plea negotiations in this case. The evidence seemed to be pretty overwhelming based on the factual basis. But now the claim is, had I known that I would have to serve 85%, I would have taken the plea agreement. Is that the argument now? I don't think so. As your honors pointed out, it's he might have. Yeah, might have. Is that the argument now? I would say it's the same argument. I mean, the defendant himself states that it is. And again, putting yourself in the trial court shoes, reading it was a lengthy pro se petition. This wasn't the only claim brought up in that. When reading this claim, this one paragraph claim, it reads exactly the same as what was raised on direct appeal and then confirmed in his affidavit, which stated that this issue was brought up on direct appeal. The trial court did not err in taking defendant's word that this was the same issue. Well, it is the same. It is the same issue that was mentioned in the petition for rehearing, right? At the trial court, the trial court's petition for rehearing? No, the petition for rehearing in the appellate court after the first appeal. Is that what? And that's what the response was to when the majority said, hey, you didn't even mention plea negotiations in your petition at the trial court level. The trial court is only obligated to negotiate. Correct. The trouble is that his pro se motion defendant said nothing about plea negotiations. He didn't mention them. So yeah, I mean, as far as, again, as far as the trial court's concerned, reading his petition, it's the same issue. The trial court abuses discretion when it failed to adequately investigate petitioner's claim of ineffective assistance to counsel. Again, this is not a straight ineffective assistance to counsel argument. We have to get over the threshold of the crinkle, the adequacy of the crinkle inquiry by the trial court, which, of course, it's well settled that the trial court can base, can reject a crinkle inquiry based on its own knowledge of the case, which could, which presumably is what the trial court did here. Presumably, I mean, again, defendant says he might have taken a plea bargain. We have no, nothing in the record suggests that any favorable plea negotiations even happened. And I guess the trial court, or at least the state or defense counsel would have known about that had there been an offer on the table, not the defendant. Of course, defendant doesn't have to be perfect in his pleadings here, but the trial court still has to look at the pleadings that a defendant makes in a pro se petition. And that's why we don't even get to the merits of the ineffective assistance of counsel argument. So the state doesn't forfeit the merits of the ineffective assistance argument. The state is simply maintaining that we don't get to the merits here because this was as obvious of a race judicata as the trial court could have gotten as far as this issue is concerned. Mr. McNeil, what if, and I know this isn't the case, but what if in the post-conviction petition, a petitioner had specifically alleged ineffective assistance of counsel as opposed to the trial court's error in failing to investigate ineffective assistance and indicated, I would have taken an offer if it had been communicating to me that this was going to be 85%. Where would we be at right now? I mean, that would be a more arguable position for defendant. Again, the ineffective assistance threshold here is that it's arguable that there's a reasonable probability that defendant was prejudiced. But here, defendant, like your honor Steigman pointed out, defendant doesn't even claim that he would have taken this. It's simply a Monday morning quarterbacking that he got the maximum deal. I understand, but just assuming the things that I indicated you should assume, what would happen here in your mind? I would assume that the trial court would have moved it to the second stage. Maybe I think that would be an arguable claim, especially if the defendants plead specific facts that there was an actual plea negotiation on the table, which again, the record is completely devoid of. And again, the factual basis seems like it was a pretty open and shut case. But yes, as far as in the trial court's position, it did not commit error by taking defendant's word that this was the same issue and dismissing this issue based on race judicata. Again, assuming that it isn't, this argument could have been raised on direct appeal and wasn't. And like Petrenko stated, the defendant has the burden of showing why this was not raised on direct appeal. Here, there's no new facts. There's nothing that was needed to be shown. This issue could have been raised on direct appeal and wasn't. Assuming this was a new issue, assuming this is ineffective assistance to counsel and not just inadequate inquiry by the trial court, defendant could have raised this issue on direct appeal and didn't and provides no reason in his petition or in his opinion. And that's why the state doesn't get into the merits of the ineffective assistance claim because that is not the issue that defendant raised in his petition. That's the issue that counsel raises on appeal for understandable reasons, but that's not the issue that defendant raised in his pro se petition that the trial court looked at. The court has no more questions. Thank you. I see none. Thank you, Mr. Cleo. Ms. Romadi, any rebuttal? Yes, please. Go ahead. Thank you. So there were plea negotiations in this case. The trial court inquired with the state prior to trial whether or not an offer was made. The state confirmed that an offer was made. So there is no question whether or not an offer had been tendered. And with regard to counsel's argument that the trial court is not supposed to make up new claims for a pro se litigant, a pro se litigant is only required to state sufficient facts. And he stated that counsel was ineffective for giving him that advice, that that was based on conversations that he had outside the record and in his affidavit that he may have accepted the plea offer. And so the court, you know, the state cited to it in its brief that the court can consider, you know, not only the petition and the affidavit, but what happened afterward, and especially where the trial court or where this court, the majority of this court on direct appeal said that the defendant never mentioned plea negotiations and that case was not resolved and he is, or that issue is not resolved and he is now mentioning plea negotiations. It's clear that that's what he is raising. And while he raises his claim as, you know, frames his claim as trial court error in his petition, we cannot expect a pro se defendant to understand the fine distinction between the common law critical procedure and an actual and effective assistance of counsel. Even it pointed to Edwards. It says a pro se defendant will in all likelihood be I've just had occasion to review the petition. And in the post conviction petition, which is lengthy and eight pages, nine pages, he never asserts in the petition, what he asserts in his affidavit, which is the only reference to it, namely that had I been told the correct amount of time I would have taken the plea. It doesn't even say I might have taken the plea. That appears only in his affidavit where he said, had I known I was facing 85% on any of the charges against me, I might have taken the plea bargain. Now assuming and I suspect it's true that we can accept his affidavit as part of his overall petition. Again, the question is, why shouldn't a defendant be held to state what he is requesting? And if he doesn't request or state clearly, I would have taken the plea bargain and rejected a trial. Why should we hold his failed to meet the threshold requirement? Because it would be fundamentally unfair, particularly in this case to do so, because it's clear that he recognized the problem. He tried to have his claim heard in the crankle hearing. It was decided on the, um, just based on the written. Shouldn't he know his own mind? This is not a tricky legal issue. Certainly know his own mind to be able to say, if I had known I was going to have to serve any 5%, I would have taken the plea. So simply because he concluded the word, my understanding, you're saying that simply because he concluded or included the word might that I have taken the plea. That's what he said. Why, as opposed to, I would have, it's a single word and it does suggest that he would have, especially in this, in this situation there. I mean, the evidence against him was so strong and the, he got sentenced to the maximum. You have video recording of him in the back of the car saying, um, uh, you know, don't, don't find the banger. And then counsel argued before the jury that the banger in England refers to a sausage, like no jury is going to accept that. So the, the, the offer had to have been better than what it was ultimately, what he ultimately had. And I mean, I don't, I, he didn't hear, he said that he would have taken it or that he may have taken it. He might've taken it, but it's clear that counsel's erroneous advice affected his decision. He's never had his claim heard. And all he's, all he is asking in this court is give him the opportunity to have his claim heard. He has never had counsel to assist him in raising this claim. And that's why it should go back for second stage proceedings. And also, um, with regard to, um, counsel had noted that, that the direct appeal decision only said that he didn't reference. May I, I see that my time's up, but can I finish this? Yes. Thank you counsel. And I want to thank both counsel for these unusual circumstances. You both did a very nice job and we appreciate your appearing under these circumstances. The court will take a spend under advisement and stand in recess. Thank you.